

FILED & JUDGMENT ENTERED
David E. Weich

Mar  01  2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: <br><br>**ALEJANDRO ALEMAN** <br><br>_____ Debtor | Bankruptcy No. 05-35721 <br> (Chapter 7) |
| IN RE: <br><br>**LISA ALEXANDER** <br><br>_____ Debtor | Bankruptcy No. 05-36032 <br> (Chapter 7) |
| IN RE: <br><br>**GENEVA BROWN** <br><br>_____ Debtor | Bankruptcy No. 05-36029 <br> (Chapter 7) |
| IN RE: <br><br>**DOROTHY ANN COLLINS** <br><br>_____ Debtor | Bankruptcy No.  05-35708 <br> (Chapter 7) |
| IN RE: <br><br>**ANDREA M. DEAN** <br><br>_____ Debtor | Bankruptcy No. 05-35719 <br> (Chapter 7) |

| | |
|---|---|
| IN RE:<br><br>**ERICA R. DIXSON**<br>**SHAWN DIXSON**<br><br>　　　　　　Debtors | Bankruptcy No. 05-36177<br>(Chapter 7) |
| IN RE:<br><br>**TERRY M. HILL**<br><br>　　　　　　Debtor | Bankruptcy No. 05-35710<br>(Chapter 7) |
| IN RE:<br><br>**RODNEY JAMES**<br><br>　　　　　　Debtor | Bankruptcy No. 05-36211<br>(Chapter 7) |
| IN RE:<br><br>**JOI JAMES**<br><br>　　　　　　Debtor | Bankruptcy No. 05-36148<br>(Chapter 7) |
| IN RE:<br><br>**CAROLYN MAYO**<br><br>　　　　　　Debtor | Bankruptcy No. 05-36036<br>(Chapter 7) |
| IN RE:<br><br>**YVETTE MICHELLE MIKE**<br>**KENNETH MIKE**<br><br>　　　　　　Debtor | Bankruptcy No. 05-35707<br>(Chapter 7) |
| IN RE:<br><br>**YASCHICA SLOAN MILLS**<br>**JOHN E. MILLS, JR.**<br><br>　　　　　　Debtors | Bankruptcy No. 05-36037<br>(Chapter 7) |

2

| | |
|---|---|
| IN RE:<br><br>**MAHOGANY YVETTE MORRISON**<br><br>_____Debtor_____ | Bankruptcy No. 05-36197<br>(Chapter 7) |
| IN RE:<br><br>**VALENCIA MORRISON**<br><br>_____Debtor_____ | Bankruptcy No. 05-36027<br>(Chapter 7) |
| IN RE:<br><br>**BRYLL KILPATRICK MOSS**<br><br>_____Debtor_____ | Bankruptcy No. 05-36216<br>(Chapter 7) |
| IN RE:<br><br>**DONNA McKOY PRIDE**<br><br>_____Debtor_____ | Bankruptcy No. 05-36028<br>(Chapter 7) |
| IN RE:<br><br>**PHYLLIS FOX PRITCHETT**<br>**ISAAC PRITCHETT**<br><br>_____Debtors_____ | Bankruptcy No. 05-36031<br>(Chapter 7) |
| IN RE:<br><br>**YVONNE DeCARLA REED-NORRIS**<br><br>_____Debtor_____ | Bankruptcy No. 05-36188<br>(Chapter 7) |
| IN RE:<br><br>**DOROTHY B. RILEY**<br><br>_____Debtor_____ | Bankruptcy No. 05-35895<br>(Chapter 7) |

3

| | |
|---|---|
| IN RE:<br><br>**DeMARIUS R. SULLIVAN**<br><br>Debtor | Bankruptcy No. 05-36206<br>(Chapter 7) |
| IN RE:<br><br>**CONNIE Y. WHITAKER**<br><br>Debtor | Bankruptcy No. 05-36033<br>(Chapter 7) |

**ORDER GRANTING TRUSTEE'S MOTION FOR SANCTIONS**

This matter came on to be heard on 6 February 2006 upon Motion of Langdon M. Cooper, the Trustee in each of the above-referenced cases (the "Trustee"), for sanctions to be awarded to the Trustee against Marcia Y. Burton ("Ms. Burton"), who is the attorney for the Debtors in these cases. After reviewing the record in each of these cases, and considering the testimony of the Trustee and Ms. Burton, and hearing arguments of counsel, the Court has determined it will grant the Trustee's motion in each of these cases, and in this regard the Court finds and concludes as follows:

FINDINGS OF FACT and CONCLUSIONS OF LAW

Jurisdiction lies over the Trustee's motions under 28 U.S.C. § 1334. The same are "core proceedings" pursuant to 28 U.S.C. § 157(b)(2). See In re *Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991); In re *Bressman*, 214 B.R. 131, 132 (Bankr. D.N.J. 1997); In re *Telemaintenance, Inc.,* 157 B.R. 352, 354 (Bankr. N.D.Ohio 1993).

4

At the outset, it must be said that Ms. Burton's actions in these cases are not acceptable. The cases present serious examples of what was either gross or intentional misconduct by Ms. Burton in violation of the bankruptcy laws and applicable ethics rules.[1]

**I.   E-Fi1ing a Bankruptcy Petition, Plan, and Schedules Which the Debtor Had Not Seen, Signed, or Verified**

In each of these cases Ms. Burton filed each Debtor's petition, schedules, statement of financial affairs and other documents without first obtaining each Debtor's review and verification of the accuracy of these documents, and without obtaining each Debtor's signature on any of the filed documents. This was not an isolated error. Ms. Burton admitted to the Court under oath that she filed the petitions, schedules, statements of financial affairs and other documents in each of these cases without each Debtor's review, verification and signature.

Not only is this a clear violation of federal law, it creates problems and material extra work for the Trustee and the Court, as evidenced by Ms. Burton's more than seventy (70) amendments in these cases. The Court is at a loss to understand her thinking. From her testimony she apparently thinks that filing case documents without her clients' reviews and signatures is justified as a time saving tactic, or because a new law is about to become effective. She is wrong. Her actions are a serious breach of protocol, bordering on forgery.

---

[1] Since there is no uniform set of ethical standards governing attorney practice in the federal courts, a federal court may look to the ethics rules of the state in which that court sits, here the North Carolina Revised Code of Professional Responsibility. Of course, these rules are interpreted and applied under federal law. See In re *American Airlines, Inc*., 972 F.2d 605, 610 (5th Cir. 1992); *McCallum v. CSX Transp., Inc.*, 149 F.R.D. 104, 108 (M.D.N.C. 1993).

5

CM-ECF is a bold and exciting new system. However, it is only a tool. It does not replace existing legal requirements, be they the Bankruptcy Code and Rules, or state ethical canons. Ms. Burton ignored these rules when she filed case documents in these cases without first obtaining client reviews and signatures.

Bankruptcy Rule 1008 requires a debtor personally to execute his bankruptcy papers. The rule specifically states that "[a]ll petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." See Fed. R. Bankr. P. 1008. There are exceptions to this rule in the case law when the facts are different from these twenty-one cases, for example, where a debtor has not signed the petition and yet subsequently verifies it by his testimony and other actions, and then when the trustee has begun to administer the estate and discovered assets which can be used to pay creditors in his case, that debtor changes his mind about his bankruptcy filing and attempts to dismiss his own bankruptcy proceeding for his own selfish purposes. There are no exceptions applicable to these twenty-one cases filed by Ms. Burton.

Section 1746, in turn, requires that the verification or declaration be made, "in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . ." substantially the following form: . . . ." The statute then prescribes the following specific wording for the declaration or verification: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." See 28 U.S.C. § 1746(1).

Because the debtor's personal signature is required, a debtor's attorney may not sign a bankruptcy petition or schedules on his behalf, whether literally or implicitly by

6

filing the documents without obtaining the debtor's signature. Doing so is a serious infraction of the law. As one commentator has stated:

> In a fast-paced bankruptcy practice, it may be tempting to sign clients' signatures when there is no time to meet with the client. But there is nothing innocuous about forgery. The entire purpose of bankruptcy schedules is to get the clients to sign their names under the penalty of perjury. When the lawyer signs his or her clients' names, the policy of the Code is undercut and the attorney is placed in great professional danger.

See Amy Leizman Good and Dean P. Wyman, *Representing Consumer Debtors: Fiduciary Duties of Counsel*, 45 No. 2 Prac. Law. 27, 42 (March 1999). In fact, an attorney who prepares false schedules and statements could be found to have committed a criminal act. See 18 U.S.C. § 152 et seq.

Obtaining a client's original signature on an electronic petition is not difficult. The Court's Administrative Guide for Electronic Case Filing (the "Administrative Guide"), which was adopted by this Court years ago, addresses this issue. See *Administrative Guide for Electronic Case Filing Procedures*, Revised February 1, 2002. The court entered Administrative Order No. 501 on February 2, 2001, which approved the Administrative Guide.

Paragraph IIIC of the Administrative Guide gives a debtor's attorney two options with respect to a debtor's signature on court documents. The attorney may use an imaged debtor's signature in the electronic filings or may e-file with a blank signature line. E-filing with a blank signature line for the debtor is a representation by the debtor's attorney to the Court that the attorney has complied with the law and properly obtained the debtor's verification and signature. In either instance, the debtor is required to have signed a written copy of each filed document. Moreover, debtor's counsel is required to

7

maintain those signed, written documents in his file for four years after the case is concluded and to present them to the Court or the trustee upon request.

Accordingly, Ms. Burton was required to have each Debtor in these cases sign the petition, schedules, statement of financial affairs and other documents before they were e-filed. In failing to do so, she violated 28 U.S.C. § 1746, Fed. R. Bankr. P. 1008, and this Court's Administrative Order of February 2, 2001, which adopted the Administrative Guide.

Additionally, filing these documents without client signatures was a violation of Rule 11. Rule 9011, the bankruptcy variant of Fed. R. Civ. P. 11, provides that by presenting to the court a signed "petition, pleading written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the allegations and other factual contentions have evidentiary support. . ." See Fed. R. Bankr. P. 9011.

The case law on this point is uniform. An attorney who literally or implicitly signs a petition for his client violates Rule 9011. See In re *Ludwick*, 185 B.R. 238 (Bankr. W.D.Mich. 1995); In re *White*, 1995 WL 612931 (E.D.Pa. Oct 11, 1995); accord, In re *Hurford*, 2003 WL 1561970, 1 (Bankr. E.D.Mich. 2003).

Here, it is particularly troubling that Ms. Burton failed to obtain each Debtor's final review and signatures prior to filing in all of these cases. For most of these Debtors, their bankruptcy filing is of sufficient importance that they can find time to visit their attorney, review their petitions and other papers and sign those documents before the case is filed. If circumstances – as here with the impending effective date of a new law –

make this inconvenient, the Bankruptcy Rules allow the debtor a grace period of fifteen days to complete the petition. See Fed. R. Bankr. P. 1007(c).  And, in the rare case where it is not possible for a debtor to sign the petition within the fifteen day period, the attorney is empowered to seek an additional extension of time from the Court.  See Fed. R. Bankr. P. 1007(a)(4) and (c).  The Court is further disturbed by Ms. Burton's answers at the Section 341 meeting in one of these cases where the following exchange occurred:

*Question by Trustee Cooper to Ms Burton*: "I need to see the original petition in your file.  I need to make sure they signed it."

*Answer by Ms. Burton*: "Okay, you want their physical signatures?"

*Question by Trustee Cooper*: "I do, where is it?"

*Answer by Ms Burton*: "This is my copied copy"

*Question by Mr. Cooper*: " Where is the original that you keep?"

*Answer by Ms. Burton:* "The originals aren't in here.  I had to print these real quick just to get down here today because I didn't get back until 10:30 last night."

*Question by Trustee Cooper*: "Did they sign the originals before…?"

*Answer by Ms. Burton:* "They have.  I have originals for everyone.  I just don't have them with me.  I had to print copies this morning."

Ms. Burton was not being candid with the Trustee at the Section 341 meetings in these cases, to say the least.  In no instance is a debtor's attorney allowed implicitly or literally to forge her client's signature, or otherwise represent to the court that an e-filed document has been reviewed and signed by her client, as a substitute for compliance with the law.

The Court could dismiss each of these cases for these violations of the law by Ms. Burton.  However, it will not do so.  Dismissing the cases would penalize these De debtors for the actions of their attorney.  And further, the Trustee at the first meeting obtained the verification by the Debtors that the filed documents in their cases were their

9

bankruptcy papers and that they were true and correct as amended and filed. And Ms. Burton did finally obtain signatures of debtors, albeit about a month after the cases were filed.

## II. Additional Consequences of E-Fi1ing a Bankruptcy Petition, Plan, and Schedules Which the Debtor Had Not Seen, Signed, or Verified

Besides violating federal law as described above, Ms. Burton's actions resulted in the need for her to file numerous amendments which should not have been necessary had she met with clients, discussed their cases, had them review her drafts of the bankruptcy papers she prepared and had them sign under penalty of perjury. All of the amendments, many of which were themselves incomplete and inaccurate, caused the Court's staff and trustee and his staff to expend material extra time on each of these cases, which would not have been necessary but for the actions of Ms. Burton.

Amendments are sometimes necessary in cases, and that is simply part of what a trustee and the Court must process. Here, however, it was clear in these cases that the multiple amendments were necessary primarily because of the manner in which Ms. Burton handled the files. For each amended schedule a trustee generally must pull the file and basically repeat much of the initial review of schedules <u>and</u> must additionally compare each amended schedule to the previously filed schedule. In the case of multiple amendments, the trustee must review <u>each</u> original and prior amended schedule and compare those to the latest amendments filed. If amendments are made after the first meeting of creditors, the trustee must calendar altered due dates for exemption objection. Each time an amended schedule is filed, the trustee must note discrepancies with previous schedules and must note problems with claimed exemptions.

10

In these cases Ms. Burton took actions which resulted in violations of the law and caused both the Court's staff and the Trustee and his staff to waste inordinate amounts of time.

A court has the inherent power to manage its proceedings and control the conduct of those who appear before it. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). This power includes the ability to sanction attorneys. *See United States v. Shaffer Equip. Co.,* et al., 11 F.3d 450, 461-462 (4th Cir. 1993). In bankruptcy, this power is augmented by the Court's jurisdiction over the debtor's case and property. *See* 28 U.S.C. § 1334.

Moreover, it has been held in the bankruptcy context that an attorney's "failure to comply with the disclosure rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Bankruptcy Code provision or any Bankruptcy Rule." *See In re Park-Helena Corp.*, 63 F.3d 877, 880 (9th Cir. 1995). Sanctions may also be imposed for negligent or inadvertent failures to disclose. *See* id. at 882. Similarly, where Rule 9011 has been violated, a court may impose an appropriate sanction.

In these twenty-one cases Ms. Burton violated the bankruptcy laws, Rule 11, the Local Rules of this Court, and several Rules of Professional Conduct. The court is compelled to award damages. After reviewing the record and the Trustee's testimony, the Court has determined that the Trustee was required to expend considerably more than one extra hour on each case, and in many of the case, multiple hours, all of which would not have been required but for Ms. Burton's actions. At his hourly rate of $300, the court will award the Trustee $400 per case. The Court could impose much harsher sanctions,

11

and indeed prohibit Ms. Burton from appearing in this Court. The Court has elected not to take this course of action. Ms. Burton is a sole practitioner. The Court understands the inherent difficulty and the additional burdens that a sole practitioner faces. Nevertheless, the Court implores Ms. Burton to seek out a colleague who might be willing to serve as a mentor for her as she develops her bankruptcy practice.

The Trustee also requested that damages be awarded to the Debtors. The Court will decline to award damages to the Debtors in these cases as there is no evidence of such damage before the Court and it has determined that as a practical matter the Debtors have obtained the relief they sought with minimal aggravation. The Court could have dismissed their cases but as it has stated above declines to do so. The Trustee has advised the Court that most of these cases will now be closed and the Debtors in those cases will receive their discharges. In some of the cases the Debtors have yet to furnish all documentation requested by the Trustee. The Court will deal with those cases separately.

It is, therefore, **ORDERED**

Ms. Burton shall pay the Trustee the sum of $400 in each of these cases, a total of $8,400. The funds shall be paid directly to the Trustee, not as assets in these cases which would in turn generate additional unnecessary work for the Trustee. Ms. Burton shall pay the sum of $3,500 immediately as she informed the Court she could do. The balance of $4,900 shall be paid to the Trustee by 6 June 2006. The Court shall retain jurisdiction of these matters. The Trustee shall notify the Court if Ms. Burton fails to comply with this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court